IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| BILL ENGLISH, in his official capacity as Probate Judge and Chairman of the County Commission of LEE COUNTY, ALABAMA, NEBRASKA ALLIANCE REALTY COMPANY, CECIL M. TIPTON, JR., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF TERRY W. WILHITE AND TESHA N. WILHITE, TERRY W. WILHITE AND TESHA N. WILHITE, | ) ) ) ) ) ) ) ) ) ) ) | 3:15-cv-00115-DAB |
| Defendants. | ) ) | |

## ORDER OF JUDICIAL REDEMPTION

This matter is before the Court following the consent of PNC Bank, N.A. ("PNC"), Bill English ("Judge English"), Nebraska Alliance Realty Company ("Nebraska"), and Terry W. Wilhite and Tesha N. Wilhite ("Owners") to Magistrate Judge Jurisdiction under 28 U.S.C. § 636(c) and LR 73.1. (Docs. 55, 57). Pending now is the Consent Motion for Judicial Redemption (Doc. 59) filed by the parties. Because the parties are in agreement regarding the proper disposition of this action and that resolution is supported by the law and the facts of the case, the Court **GRANTS** PNC's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2007, Michael Robert Solomon and Gail Bimbaum Solomon conveyed 959 Ogletree Road, Auburn, Alabama 36830 (Parcel No. 18-02-09-0-000-001.001) (the "Property") to Owners. Owners subsequently granted a mortgage on the Property to First American Bank, which was recorded in the land records for Lee County, Alabama on April 8, 2008 in book 3553 at page 809 (the "Mortgage").[1] On May 1, 2013, Nebraska purchased the Property at a Lee County tax sale for $223,000.00. To date, no tax deed has been issued for the Property and Nebraska has not made any improvements or taken possession of the Property.

On February 17, 2015, PNC filed its Complaint seeking to judicially redeem the Property. All interested parties have been served and have now agreed to settle their claims by virtue of this consent order.[2] The Court has subject-matter jurisdiction and has personal jurisdiction over the parties. *See* 28 U.S.C. §§ 1331–32. This Court is authorized to judicially redeem the Property, and venue is proper in this district. *See* 28 U.S.C. §§ 1391(b), 2201–02.

## DISCUSSION

The Parties have agreed that PNC has a right to redeem the Property and have agreed to the price at which it may be redeemed. Based on the agreement of the Parties and for good cause shown, the Court finds that PNC is entitled to an order judicially redeeming the Property.[3]

---

[1] As the successor-in-interest to First American Bank through First American Bank's merger into RBC Bank (USA) in 2008 and then RBC Bank (USA)'s merger into PNC in 2012, PNC foreclosed on its Mortgage and now owns the Property by virtue of that Mortgage Foreclosure Deed recorded in the real property records for Lee County, Alabama on October 26, 2016 in book 2497 at page 857.

[2] The Court previously dismissed Cecil M. Tipton, Jr., the Trustee of Owners' Bankruptcy Estate. (Doc. 36). Thus, his consent is no longer required.

[3] Generally, a party seeking to judicially redeem a tax sale must pay the redemption amount into the Court. *See* ALA. CODE § 40-10-83. Here, in lieu of paying the funds into the Court, the parties have agreed to pay the funds directly to Nebraska. The Court agrees that this requirement can be waived in the interest of judicial economy.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** PNC's consent motion (Doc. 59) and **ORDERS** as follows:

a. The Court enters judgment for PNC against Judge English and Nebraska;

b. The Court declares the Property to be judicially redeemed in the name of the current owner, PNC Bank, N.A.;

c. Judge English shall record this order in the real property records for Lee County, Alabama to clarify the chain of title for the Property. Judge English shall index PNC Bank, N.A., Terry W. Wilhite, and Tesha N. Wilhite as grantees, and Nebraska Alliance Realty Company as the grantor.

d. The parties are directed to pay those amounts that they have agreed are necessary to redeem the Property within five (5) days of the entry of this order.

e. Upon the payment of these amounts, all Parties—including the Owners—have agreed to release one another, including (without limitation) one another's agents, employees, successors, parent, holding, subsidiary, affiliated, and related entities (jointly and severally) from all manner of actions, causes of action, and claims whatsoever, in law or in equity, which the Parties ever had or now have against on another (jointly and severally) accruing prior to the date of this Order that are in any way related to the Tax Sale of the Property, the redemption of the Property, or the payment of the Excess Proceeds.

**DONE** and **ORDERED** this 29th day of June, 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE